UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-162-TBR

**HENRY FLANERY,**                                               **PLAINTIFF**

v.

**MARQUETTE TRANSPORTATION
COMPANY, LLC, d/b/a MARQUETTE
TRANSPORTATION RIVER COMPANY,**            **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff Henry Flanery's Motion to Amend Complaint, [DN 12]. Defendant Marquette Transportation Company, LLC ("Marquette") has responded in opposition, [DN 14], and Plaintiff has replied, [DN 15]. This matter is therefore fully briefed and ripe for review. For the reasons set forth herein, the Court will grant Plaintiff's Motion to Amend Complaint, [DN 12].

### I.    BACKGROUND

Plaintiff initiated this action on September 30, 2020. [DN 1]. In his original complaint, Plaintiff alleges that he was a crew member of a vessel operated by Defendant Marquette. *Id.* at 1. He asserts two causes of action under the Jones Act, 46 U.S.C. § 30104 et seq., and general maritime law. *Id.* at 2. Plaintiff's Count I alleges that on one occasion, he was stuck by an improperly discarded hypodermic needle while cleaning his quarters on the vessel. *Id.* at 2. Count II alleges that Plaintiff received numerous spider bites as a result of a spider infestation on

1

the vessel. *Id.* at 4. For Count I, Plaintiff seeks maintenance and cure benefits, punitive damages, and attorney's fees. *Id.* at 3. For Count II, Plaintiff seeks damages "as the proof may dictate." *Id.* at 5.

The matter is currently scheduled for a jury trial on August 1, 2022. [DN 11]. Under the current scheduling order, any amendments to the pleadings were due on or before May 31, 2021. *Id.* at 1. Discovery is scheduled to conclude by March 1, 2022, and all dispositive and *Daubert* motions must be filed by April 1, 2022. *Id.*  The Court notes, however, that Plaintiff has filed a Motion to Amend Scheduling Order, seeking a ninety-day extension of some of the present deadlines, including the expert disclosure deadline and the dispositive/*Daubert* motion deadline. [DN 16]. Defendant, on the other hand, would like only a thirty-day extension. [DN 17].

On August 13, 2021, prior to the filing of his Motion to Amend Scheduling Order, Plaintiff filed the present Motion to Amend his complaint. [DN 12]. Plaintiff states that the purpose of the amended complaint is

> to add an allegation that the captain of the vessel had an obligation as master of the vessel to provide for the health and safety of the crew of said vessel, and that despite being notified by the Plaintiff that he had suffered spider bites, the captain failed to have the Plaintiff promptly consult medical professionals regarding the bites and failed to have the Plaintiff promptly removed from the vessel to seek medical treatment as the Plaintiff's condition worsened. That as a result of said failure, the Plaintiff's condition greatly worsened, causing the Plaintiff greater damages.

*Id.* at 2. Plaintiff also seeks to add to his prayer for relief for Count II, specifically seeking maintenance and cure benefits. He explains, "When the Plaintiff's Complaint was first filed, it was anticipated that his emotional distress would resolve. However, this condition has not resolved, and Plaintiff is still undergoing treatment for his emotional condition." *Id.* Defendant opposes the proposed amendment. [DN 14].

## II.     ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), Plaintiff may amend his complaint at this stage of the proceedings "only with the opposing party's written consent or the court's leave." The rule further provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "However, when a party seeks to amend its pleadings or join additional defendants after the expiration of scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v. Lansing School District*, 972 F.3d 853, 879 (6th Cir. 2020) (citation omitted). When considering this "good cause" standard, the primary consideration "is the moving party's diligence in attempting to meet the scheduling order's requirements, but courts also consider possible prejudice to the party opposing the modification." *Id.* (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted).  Further, a district court "may deny a motion to amend where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Sims v. Atrium Medical Corp.*, 349 F.Supp.3d 628, 636 (W.D. Ky. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, the decision to grant or deny a motion to amend "is within the trial court's broad range of discretion." *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In this case, there is no evidence of bad faith or dilatory motive on the part of Plaintiff, nor is it apparent from the record and the arguments of the parties that the proposed amendments would be futile. Rather, Defendant argues that undue prejudice warrants dismissal of Plaintiff's Motion to Amend. For the reasons set forth below, the Court disagrees and finds that Plaintiff's motion is supported by good cause and will not unduly prejudice Defendant.

3

The Court first addresses Defendant's argument that Plaintiff's proposed amended complaint "clearly relies on allegations which, if supported by facts at all, are facts known to [Plaintiff] since the inception of his illness or injury." [DN 14, p. 4]. Though Defendant makes this statement as part of its larger undue prejudice argument, it has essentially alleged undue delay. In response, Plaintiff explains that he was unable to consult with an infectious disease expert prior to the amendment deadline, despite his best efforts. [DN 15, p. 1]. He further explains that, when he finally secured a consultation with an infectious disease expert, "he first was made aware of and received a medical opinion that failure to provide prompt medical care may have caused [his] condition to worsen, increased the medical treatment needed, and increased his damages." *Id.*; *see also* [DN 15-1]. Shortly after obtaining this new information, Plaintiff filed his Motion to Amend, [DN 12], approximately two and one-half months after the expiration of the amendment deadline. Given Plaintiff's representations, the Court finds that Plaintiff has demonstrated good cause for failing to comply with the Court's amendment deadline.

The Court next turns to Defendant's argument that it will be unduly prejudiced by the proposed amendments. Importantly, delay alone "is insufficient to deny a motion to amend." *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980); *see also Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) ("Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend." (citation omitted)). "Rather, the crucial factors are notice and substantial prejudice." *Estes*, 636 F.2d at 1134 (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Defendant argues that it will be substantially prejudiced because it will need to investigate Plaintiff's newest allegations "when the passage of time may have impaired the

memories of witnesses and, in some cases, witnesses possessing evidence have terminated their employment by Marquette and may have become difficult to locate during the time between the filing of the Complaint [on September 30, 2020] and now." [DN 14, p. 4]. Defendant further argues that the discovery propounded thus far will be inadequate to address the new claims, and the need for additional discovery will cause other scheduling deadlines to be extended. *Id.* at 4–5.

In support of its argument, Defendant correctly notes that courts should consider whether the moving party's proposed amendments will require the nonmoving party "to expend significant additional resources to conduct discovery and prepare for trial." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). The Sixth Circuit has also explained that "prejudice is demonstrated when a party has insufficient time to conduct discovery on a new issue raised in an untimely manner." *Estes*, 636 F.2d at 1134. Accordingly, "prejudice has been found in cases where the motion for leave to amend was filed *after* the completion of discovery." *Janikowski*, 823 F.2d at 952 (citations omitted) (emphasis added).

However, in this case, the current discovery deadline is set for March 1, 2022, [DN 11], and the parties have agreed to at least a thirty-day extension of the relevant deadlines, [DN 16, DN 17]. Further, while Defendant argues that witnesses' memories may have weakened or witnesses may be difficult to locate, it has provided no evidence to support those speculations, nor has it explained why those discovery issues are unique to the amended complaint, filed just over a year after the original complaint. For example, Defendant argues that five crewmembers are no longer employed with Defendant "and will need to be located," but it does not represent that it has attempted to locate those crewmembers. [DN 14, p. 5]. Defendant also argues that "[c]learly, these former crew members and those who are still employed by Marquette may not recall matters as well as they did one year ago, when the Complaint was filed." *Id.* But the initial

5

discovery deadlines have not yet expired, and any loss of memory would affect the discovery process for the original claims, even in the absence of Plaintiff's amended complaint. In other words, if loss of memory is an issue, it is an issue under the original complaint and the original discovery deadlines. Regardless, Defendant's loss-of-evidence argument is purely speculative.

Lastly, the Court notes that in cases where additional discovery is necessary, the proper remedy is not to deny the motion to amend, but rather "to require the amending party to bear a portion of the additional expense" of duplicative discovery. *Janikowski*, 823 F.2d at 952 (citations omitted). It is within the district court's power to require payment for the cost of such duplicative discovery, *id.*, and the Court will entertain such motions if necessary. Accordingly, for this reason and the reasons stated above, the Court finds that Defendant will not suffer undue prejudice as a result of the proposed amendments.

In sum, the Court finds that Plaintiff has demonstrated good cause for failing to comply with the Court's amendment deadline and the proposed amendments will not substantially prejudice Defendant. The Court will therefore permit Plaintiff to amend his complaint pursuant to Federal Rule of Evidence 15(a)(2).

### III.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to Amend Complaint, [**DN 12**], is **GRANTED**.  Plaintiff **SHALL** file his Amended Complaint within **seven (7) days** of the entry of this Order.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 23, 2021

cc: Counsel of Record